**UNITED STATES of America,
Appellant,**

v.

**John PROTCH and Frances Protch,
Appellees.**

**No. 73-1065.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
June 14, 1973.

Decided June 29, 1973.

Richard L. Thornburgh, U. S. Atty., Thomas A. Daley, and Kathleen Kelly Curtin, Asst. U. S. Attys., Pittsburgh, Pa., for appellant.

Frank D. DiCenzo, Pittsburgh, Pa., for appellees.

Before GIBBONS, ROSENN and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In the course of an investigation into the tax affairs of one Samuel Ferraro, a special agent of the Internal Revenue Service, interviewed the defendants in this case, John Protch, and his wife, Frances, on October 29, 1970. Written statements in the form of affidavits were prepared by the agent and were

**648**

sworn to by the Protches, saying in substance that no number slips were found on their premises in the course of a gambling raid by local authorities on September 6, 1967.

On May 24, 1972 an indictment was returned against the defendants charging that the statements given to the agent were false and in violation of 18 U.S.C. § 1001. The District Court later dismissed the indictments on the premise that the Protches' response to the agent's questions were not "statements" within the meaning of § 1001 and, hence, without its proscription.

18 U.S.C. § 1001 reads in pertinent part:

> "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, . . . or makes any false, fictitious or fraudulent statements, . . . or makes . . . any false writing . . . knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The legislative history of § 1001 and its predecessor statute is discussed in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1941) and United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1951).

This statute is easily subject to abuse and overreaching by government agents and we share the concern expressed in such opinions as United States v. Bedore, 455 F.2d 1109 (9th Cir. 1972) and Paternostro v. United States, 311 F.2d 298 (5th Cir. 1962). *Cf.* United States v. Ratner, 464 F.2d 101 (9th Cir. 1972).[1] However, we feel bound to reverse because of the opinions in United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.

Ed.2d 275 (1969) and Bryson v. United States, 396 U.S. 64, 90 S.Ct. 355, 24 L. Ed.2d 264 (1969).

In *Bryson, supra,* the Court said:

> "A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood."

We hold no more here than that an affidavit may be a "statement" within the meaning of § 1001. We do not pass on whether the information was false and material or upon the voluntariness issue.

The order of the District Court will be reversed and remanded for further proceedings not inconsistent with this opinion.

---

1. § 1343 of S.1400, Criminal Code Reform Act of 1973, Ninety-third Congress, 1973, presently being considered in committee, would narrow the literal scope of § 1001 and reduce the term of imprisonment which might be applicable. *See also,* Vol.

1, Working Papers of the National Commission on Reform of Federal Criminal Laws 671 (1970). *Cf.* § 2–6D2 of S. 1, Criminal Justice Codification, Revision and Reform Act of 1973.